■　JOSEPH W. DUKSA et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 48183.) — AULISI, J. Cross appeals from a judgment in favor of claimants, entered April 24, 1969 upon a decision

of the Court of Claims, awarding the sum of $6,100 for the appropriation of 46.54 acres of wooded land owned by claimants in the Town of Copake, County of Columbia. Claimants' main appraiser valued the land at $100 per acre or $4,654 without regard to the enhancement value of the timber thereon. Enhancement value was established by claimants' forestry expert who testified that the timber was worth $51.75 per acre. The State's only expert testified to a land value of $2,000 and an enhancement value of $1,500 for a total of $3,500. The State argues on this appeal that it was error for claimants to separately value the land and the timber. The rule is that the measure of damages in the case of land with particularly valuable assets is not determined by separately evaluating the valuable assets or by multiplying a price per unit by so many units. Evidence may be introduced that the land contains valuable assets, but the measure of compensation is the market value of the land as a whole, and not that of its enhancing components (*Zogby* v. *State of New York*, 26 A D 2d 899; *Mead* v. *State of New York*, 24 A D 2d 1043; *Matter of Huie* [*City of New York-Allen*], 1 A D 2d 500). This is not to say that a claimant may not introduce evidence as to the value of specific assets such as timber (see *United States* v. *5139.5 Acres of Land*, 200 F. 2d 659, 661), but the evidence should be considered as a factor only, upon which an expert witness may in part base his value of the whole. A clear distinction must be drawn between what is presented and considered as a factor underlying the expert's opinion as contrasted with opinion as to the fair market value of the substance, timber or mineral itself, apart from the land (4 Nichols, Eminent Domain [3d ed.], § 13.22, pp. 418–419). Although better practice would suggest claimants' main expert should have placed a value on the whole that would have included the enhancement value of the timber, the record makes clear that the trial court did not make a separate award for the timber. Rather, it considered the forester's testimony solely as proof of enhancement, which was a factor in arriving at the fair market value of the subject property. We see no reason to disturb the award. Judgment affirmed, with costs to claimants. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Aulisi, J.