G. EARL CROSS et al., Respondents, v. STATE OF NEW YORK, Appellant.   (Claim No. 47897.)

Third Department, April 27, 1971.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon and Ruth Kessler Toch* of counsel), for appellant.

*William R. La Flure* for respondents.

REYNOLDS, J. The State appeals from a judgment awarding respondents $21,263, and interest, as direct and consequential damage for the appropriation for highway purposes of some 46.5 acres of timberland in the Town of Lewis, Essex County.

Respondents, the owners of approximately 800 acres located east of U. S. Route 9 in the Town of Lewis, had their property bisected in a north-south direction by the State for the construction of the Adirondack Northway. Predictably, there is a wide discrepancy in the valuations submitted by the litigants, the State conceding only limited consequential damages and failing to relate its alleged comparables to the subject property in any meaningful way and the respondents valuing the land in terms of naked land plus cut marketable trees and introducing comparables which bore values as much as 200% less than the value assigned to the subject property. The trial court, though obviously dissatisfied with both parties' appraisals, nevertheless essentially adopted the respondents' approaches in reaching its determination as to value. However, the respondents' valuation, as noted, was based on the marketability of the trees separated from the land, plus a distinct value for the naked land, and this clearly is not a permissible method of valuation (4 Nichols, Eminent Domain [3d ed.], § 13.2, pp. 402–403; see, also, *Duksa* v. *State of New York,* 34 A D 2d 1053). The fact that respondents were engaged in timbering the land does not make respondents' approach here acceptable. The value of a particular property is determined by the type and nature of the property involved and not by the owner's commercial or noncommercial use thereof. Accordingly, the judgment must be reversed and a new trial ordered.

The judgment should be reversed, on the law and the facts, and a new trial ordered.

HERLIHY, P. J. (concurring in the result). In the present case there is no dispute but that the highest and best use of the property appropriated "both before and after the appropriation was for a combination logging and milling operation" as found by the trial court. (See *Dauernheim, Inc.* v. *State of New York,* 29 A D 2d 594; *Matter of Ford [Watson Natural Stone Co.],* 24 A D 2d 806.) Assuming that the proper way to evaluate the subject premises is by assigning an enhanced value to the land, the sum which a prospective purchaser would pay for the trees as they stand upon the real property (stumpage value) is of necessity an important factor in arriving at just compensation and might have a substantial bearing upon the before and after value (cf. *Kelder* v. *State of New York,* 22 A D 2d 999; *Duksa* v. *State of New York,* 34 A D 2d 1053; 4 Nichols, Eminent Domain [3d ed.], § 13.2, pp. 402–403). It is a factor in arriving at value that the court could properly consider (see *International Paper Co.* v. *State,* 248 A. 2d 749, 752 [Me.]). The acreage value of the land itself for a highest and best use of growing trees is demonstrated in the present record to be quite nominal and, accordingly, it would be expected that the value of the subject premises for purposes of awarding just compensation would greatly exceed market data based upon the land itself. It is well established that evidence may be introduced to show that the land contains valuable assets, but the measure of damages is the market value of the land as a whole, and not that of its enhancing components. (*Duksa* v. *State of New York, supra; Zogby* v. *State of New York,* 26 A D 2d 899; *Belott* v. *State of New York,* 26 A D 2d 749.)

However, upon the present record it appears that some of the values might have included profits based upon the resale value of the trees as finished lumber or finished timber products. Furthermore, the record does not clearly establish to what extent, if any, the claimant removed trees from the appropriated premises subsequent to the date of the appropriation and the proof is otherwise not acceptable in attempting to arrive at just compensation.

For the foregoing reasons I concur with the necessity of a new trial.

GREENBLOTT, COOKE and SIMONS, JJ., concur with REYNOLDS, J.; HERLIHY, P. J., concurs in result in a separate opinion, in which GREENBLOTT, COOKE and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered.