■ EDA KUPERSMITH et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49412.) — Appeal from a judgment in favor of claimant, entered July 15, 1971, upon a decision of the Court of Claims. The State appeals from an award for the appropriation of 6,538 square feet taken from the front of respondents' land to widen the Sunrise Highway in the Town of Islip, Suffolk County. The property, a corner lot containing 24,375 square feet, improved with a one-story commercial building, was utilized as a used car lot. Claimants' appraiser opined that the highest and best use was for a gasoline service station while the State's expert testified that the highest and best use was as a general commercial property. The trial court agreed with the State's expert. The State first contends that the trial court erred in fixing a valuation for the land higher than that of its expert. It argues that, since the court specifically rejected respondents' contention that the highest and best use was

as a gasoline service station, the sole evidence presented on general commercial use was by the State and, as a result, the court's determination of the before value of $1.85 a square foot (versus $1.23 estimated by the State) is totally outside the range. While it is true that respondents' appraisal was based on a highest and best use rejected by the trial court, there is sufficient evidence in the record and sufficient explanation to support this aspect of the court's determination. (*Spyros* v. *State of New York*, 25 A D 2d 696.) The claimant's expert testified as to two sales of vacant land which, under the market data approach, were proper comparables and sufficiently adjusted to support the $45,093.75 before value of the land as found by the court ($1.85 per square foot by 24,375 square feet). However, there was no range of testimony and the court failed to set forth and explain such other components of before value as would, when added to the figure of $45,093.75, result in the court's found before value of $71,175. The court's before value of the main building and other components would appear to have been $26,081.25 ($71,175 minus $45,093.75), which figure exceeds the State's appraisal for such items by the sum of $11,581.25, and the claimants' appraisal by $1,681.25. For these reasons a new trial is required. In its decision the court must set forth specifically each element of before value for land, buildings and improvements. Similarly, it must set forth each component of after value, which it also failed to do. (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428.) The second issue raised by the State is also meritorious. The trial court rejected respondents' testimony that the severance damage totaled $15,000 because the estimate was based on the premise that the building was totally useless. The issue then became to what extent the value of the building was diminished by the taking if it continued to be utilized as a used car lot. Both parties agreed that the elimination of 15 frontal car display spaces diminished the value of the building. The State's evidence was that this damage amounted to $2,500 but the respondents presented no evidence on diminished value of the building if it were to continue to be used as a used car lot. This being so, the trial court's award of $8,725 for severance damage is not within the range of the experts' testimony, nor does it find support in the record. In any event, since the trial court failed to state the before value of the building which he found to have suffered severance damage, the award cannot stand. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.