Memorandum. The order of the Appellate Division is affirmed, with costs.
This condemnation proceeding commenced by the City of New York involves Damage Parcels 928-938 and 940-948 consisting of approximately 72,800 square feet of land in the Arverne Section of the Rockaway peninsula in Queens. At the time of title vesting the property was improved with 18 bungalow cottages in excellent condition. Special Term found that the highest and best use of the subject parcels was a bungalow colony, the actual use to which the property was put and, further, that as an income-producing property, the surest index of value was the capitalization of net income based upon the property’s actual experience. In calculating value, Special Term applied an over-all capitalization rate of 11% and arrived at a fair market value of $287,500 of which $205,500 was allocated to land and $82,000 to the buidlings. The Appellate Division modified by increasing the award from $287,500 to $351,700. In so modifying the court affirmed the finding that the highest and best use was a bungalow colony *949 and also affirmed the use of the capitalization of income method of valuation. Thus we have affirmed findings as to the highest and best use, and the valuation method. However, the Appellate Division held that use of an over-all rate of capitalization may be vulnerable unless it is based upon separate capitalization rates computed by one or another residual method on land and buildings, citing Matter of City of New York (First Elephant Estates-La Hermosa Church) (17 AD2d 317, 321); and the court utilized a split capitalization method, finding support in the record for a factor of 6.5% for income attributable to land and 11% for the capitalization of income attributable to the buildings. By adopting the city’s value of $156,900 for the land and using the actual net income of $31,625, the Appellate Division arrived at a total valuation of $351,700.
Since the trial court’s findings of value were modified and new findings were made, this court must review the evidence and choose between the discrepant findings (Matter of City of New York [A. & W. Realty Corp.], 1 NY2d 428). Although it is axiomatic that findings in a condemnation case may not be predicated solely and simply on the subjective judgment of Judge or court, an award may still be higher than an expert’s estimate of value provided there is evidence in the record to support the underlying, calculations (Matter of City of New York [A. & W. Realty Corp.], supra, p 433). In this case the city’s expert used the capitalization of income method of valuation, adopting an 11% rate. The Appellate Division accepted the city’s basic methodology but found support in the record for adjusting the calculations in order to arrive at a more just award. Where capitalization of income is the proper valuation procedure and one expert utilizes that method, a court is not required to adopt that testimony per se but may use all the evidence in the record in order to establish fair market value. We believe the Appellate Division properly adapted the capitalization of income method of valuation to the facts in this case.
When the highest and best use is the one the property presently serves and that use is income-producing, then the capitalization of income is a proper method of valuation (Matter of City of New York [First Elephant Estates-La Hermosa Church], supra, p 320; People ex rel. Gale v Tax Comm., 17 AD2d 225; 4 Nichols, Eminent Domain [2d ed], § 185). In using capitalization of income it is important to ensure that *950 an improper distortion is not introduced because of disproportionate values assignable to land and buildings (Matter of City of New York [First Elephant Estates-La Hermosa Church], supra, p 321, n). The use of split capitalization or the "residual method” provides a check on the market value which is somewhat more reliable than over-all capitalization. The use of an over-all capitalization rate implies that income is derived in equal shares from the land and the buildings but in this case both the city’s expert and Special Term found a wide discrepancy between the value of the land and the value of the buildings. This discrepancy renders uncertain the assumption that income is derived in equal shares from the land and the buildings since the land, being used for summer cottages, is situated in close proximity to the beach and the buildings are simple stucco bungalows. Also, the 11% rate employed by the city’s expert included a depreciation factor applicable only to the buildings. Under these circumstances the Appellate Division was justified in using split capitalization rates.
Relying on the record testimony of the city’s expert, the Appellate Division adopted the city’s value of $156,900 for the land and the 11% rate for the buildings. As to the land, however, the court applied a 6.5% rate. This rate was supported by the testimony of the claimant’s expert, who, in explaining the building "residual method” of split valuation, stated that a prudent investor would expect to receive a 6.5% return for the use of land at this location. The expert testified that he arrived at this rate by utilizing general real estate investment factors which were applicable to an adjoining parcel and to the damage parcels subject to this suit as well. This testimony provides adequate basis for the application of the 6.5% rate to the subject parcels when using the split capitalization method of valuation. Therefore, we find that the evidence in this record, unlike the record before the court in Matter of City of New York (A.& W. Realty Corp.) (supra), supports the fair market value found by the Appellate Division.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.