randum as in *Loucks v State of New York* (83 AD2d 761). (Appeals from judgment of Court of Claims, Moriarty, J. — appropriation.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.

■ MARY E. LOUCKS et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Appeal No. 4.) — Judgment unanimously affirmed, with costs to claimants, for the reasons stated in the memorandum decision at Court of Claims, Moriarty, J. Memorandum: We add only that here, and in related cases decided herewith presenting one or both of the same issues *(Hubbard v State of New York,* 83 AD2d 760; *Hoffman v State of New York,* 83 AD2d 760) we find no error in the court's determination to add to the value of the appropriated land the value of man-made improvements consisting of ponds and developed springs. They were treated as such by both the State's appraiser and the claimants' appraiser. As land improvements, they were properly set forth separately (22 NYCRR 1200.25 [a] [1]; *Kupersmith v State of New York,* 40 AD2d 738). Nor did the court err in adding the value of saleable timber to the value of the land in computing the whole value. The land use would not be affected by the removal of the timber. While it is true that the measure of damages is the market value of the land as a whole and not that of its enhancing components, evidence may be introduced to show that the land contains valuable assets *(Cross v State of New York,* 36 AD2d 361, 363 [Herlihy, P. J., concurring]). It was the intention of claimants' appraiser to show a value of the whole which included the enhancement value of the timber, and although there may be some mechanical defect in the court's computation, its purpose was also to show the value of the whole. The ultimate finding of value should not be disturbed *(Duksa v State of New York,* 34 AD2d 1053). (Appeals from judgment of Court of Claims, Moriarty, J. — appropriation.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.