Argued and submitted July 17, affirmed as modified and affirmed on cross-appeal
October 21, 1987

# GERDES et ux,
*Respondents - Cross-Appellants,*

*v.*

# BOHEMIA, INC.,
*Appellant - Cross-Respondent.*

## (16-84-03197; CA A40699)

744 P2d 275

John F. Kilcullen, Eugene, argued the the cause for appellant - cross-respondent. With him on the briefs were William E. Flinn and Flinn, Brown & Roseta, Eugene.

Michael F. Fox, Eugene, argued the cause for respondents - cross-appellants. With him on the briefs were Hoffman, Morris, Giustina & Fox, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this timber trespass action, defendant Bohemia, Inc.,[1] appeals from a judgment awarding damages to plaintiffs; plaintiffs cross-appeal the damages award.

In October, 1978, plaintiffs' predecessor in interest, Rollie's Mobiles, Inc.,[2] executed a land sale contract with Jeffrey and Lynda Powell. The Powells agreed to pay the price in annual installments. The contract provided, *inter alia:*

"9.   *MAINTENANCE AND GOOD CARE:* Purchaser shall keep the property in good condition and repair and not permit any waste or removal thereof.

"* * * * *

"9.2   Purchaser shall have the right to cut and remove standing merchantable timber on the premises, if any, so long as any such harvesting is consistent with good forest management practice, which shall include reforestation as appropriate. In the event that Purchaser engages in any such activity, Purchaser shall save Seller harmless from any and all liability in this regard. Furthermore, Purchaser shall obtain and maintain liability insurance in an amount of not less than $100,000.00 per occurrence and $300,000.00 in the aggregate.

"* * * * *

"14.   *SALE OR ASSIGNMENT:* This contract shall be binding upon and inure to the benefit of the parties, their successors and assigns, provided that no interest of Purchaser shall be assigned without prior consent of Seller, which consent shall not be unreasonably withheld."

In February, 1979, defendant and the Powells negotiated a timber sale contract. Defendant examined the contract between Rollie's Mobiles, Inc., and the Powells and concluded that it did not require the vendor's consent for the sale of timber. Defendant and the Powells executed and filed a timber deed, providing that defendant had the right to cut and remove the timber for a period of 10 years. Defendant paid the Powells $25,000.

In November, 1981, the Powells defaulted on the land

---

[1] Plaintiffs filed the complaint against defendant Bohemia, Inc., and independent contractors John Does 1 through 20. The court dismissed the claim as to the John Does and entered judgment accordingly.

[2] Rollie's Mobiles, Inc., assigned the contract to plaintiffs in 1980.

sale contract; they filed a petition in bankruptcy two years later. Plaintiffs have taken no action to terminate the land sale contract, but are currently in possession of the land.[3] After the Powells' default, plaintiffs negotiated with defendant for the sale of the property; defendant, however, was primarily interested in the timber. Relying on its timber deed and ignoring plaintiffs' claims that the deed was not valid, it harvested the timber in 1983. Plaintiffs then filed this action under ORS 105.810,[4] contending that defendant had wilfully trespassed and damaged their property. Both parties moved for summary judgment. The court denied defendant's motion and granted plaintiffs' cross-motion, holding that defendant had trespassed as a matter of law. The case was then tried to the court on the issue of damages, resulting in an award of treble damages to plaintiffs.

Defendant assigns as error the granting of summary judgment on the issue of liability in favor of plaintiffs. It contends that the Powells had the unrestricted right to cut, remove and, therefore, sell all merchantable timber on the land and that it acquired a valid legal title to the timber by the timber deed. In the alternative, defendant argues that it had believed, in good faith, that the deed was valid and that, accordingly, the court erred in assessing treble damages under ORS 105.810, which serves a penal purpose for wilfull trespass. Defendant argues that, if it is liable for trespass, only a

---

[3] Defendants contend the action is premature, because the Powells' interest has not been formally terminated. In an action for timber trespass, persons having contingent interests have an ownership interest sufficient to bring a claim. *See Pedro v. January,* 261 Or 582, 602-04, 494 P2d 868 (1972). It follows that plaintiffs' security interest in the land is a sufficient basis for them to make a claim.

[4] ORS 105.810 provides:

"Except as provided in ORS 477.090, whenever any person, without lawful authority, wilfully injures or severs from the land of another any produce thereof or cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person, or of the state, county, United States or any public corporation, or on the street or highway in front of any person's house, or in any village, town or city lot, or cultivated grounds, or on the common or public grounds of any village, town or city, or on the street or highway in front thereof, in an action by such person, village, town, city, the United States, state, county, or public corporation, against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass. In any such action, upon plaintiff's proof of ownership of the premises and the commission by the defendant of any of the acts mentioned in this section, it is prima facie evidence that the acts were committed by the defendant wilfully, intentionally and without plaintiff's consent."

double damages award is appropriate under ORS 105.815.[5]

■■ The trial judge apparently construed the contract as unambiguously precluding the Powells from transferring any interest in the realty, including timber, without plaintiffs' consent. We agree with that reading. Section 14 restricts *any* transaction in which the subject matter is *any* interest that the vendee may acquire under the contract. Because we have concluded that the land sale contract unambiguously restricted the Powells' right to transfer any interest acquired under the contract[6] and there was undisputed evidence that defendant had the actual notice of the provisions of the land sale contract, defendant could acquire title only with plaintiffs' consent. Because that was never given, defendant acquired no right under its timber deed to harvest the timber and trespassed on plaintiffs' property.

■ We also agree with the trial court's conclusion that defendant presented no defense to plaintiff's claim that the trespass was wilfull. Mistake of law or fact does not constitute a defense to intentional or unintentional trespass. *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 221, 358 P2d 1062, 368 P2d 737 (1962). Moreover, defendant's claimed mistake was not innocent; it harvested the timber with knowledge of the terms of the contract prohibiting transfer and, therefore, of the invalidity of its deed. It did so, even when the validity of its deed was in actual dispute with plaintiffs. There was no genuine issue of fact, and the trial court properly found defendant liable for the wilfull trespass as a matter of law and assessed treble damages pursuant to ORS 105.810.

---

[5] ORS 105.815 provides:

"If, upon the trial of an action included in ORS 105.810, it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was the land of the defendant or the land of the person in whose service or by whose direction the act was done, or that the tree or timber was taken from uninclosed woodland for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall be given for double damages."

[6] Defendant attempts to distinguish the terms "assignment" and "sale," arguing that section 14 of the contract restricts assignments but not sales. That section, however, does not differentiate between those two terms. Moreover, the need to distinguish "assignees" from "subpurchasers" would arise primarily in connection with the issue of privity of contract between an assignee and an original vendor. The distinction is irrelevant for purposes of the construction of the original vendor-vendee relationship in this case. We construe the contract provision to restrict transfers, including both assignments and sales.

Both parties assign as error the manner of computing damages. Plaintiffs contend that the court erred in receiving evidence of the actual mill values and defendant's logging costs and in considering it relevant to the calculation of the stumpage value. They also contend that it was error to mitigate damages by the value of the remaining standing trees and a road that defendant built on the property. Plaintiffs also assert that the court erred when it refused to consider the cost of reforestation. Defendant argues that the court erred in using the value of the remaining timber and the road to mitigate damages, because those items should instead have been part of the calculation of the fair market value of the property after the trespass.

■ ■    The basis for calculation of damages in a timber trespass case is diminution of value of the land. One measure of damages is the stumpage value of the standing timber. *United States v. Firchau,* 234 Or 241, 248-49, 380 P2d 800 (1963). Although the damages may be more than the stumpage value, *Pedro v. January, supra* n 3, 261 Or at 598, plaintiffs pleaded no other damages than the stumpage value of the cut trees and cost of replanting the land.

■■■■    Generally, stumpage value is the market value of timber before it is cut; the amount that a purchaser would pay for standing timber to be cut and removed. *Pearce v. G. R. Kirk Co.,* 22 Wash App 323, 328, 589 P2d 302, *aff'd* 92 Wash2d 869, 602 P2d 357 (1979). In determining that value, the trial court could have considered, *inter alia,* the quantity and quality of the estimated board feet in the trees, existing cutting practices, cost estimates for removal and difficulty in logging with respect to the condition of the land. It does not appear, as plaintiffs suggest that it does, that the court simply subtracted defendant's actual logging and mill costs from the stumpage value. In our view, the court reasonably considered all of the factors that a purchaser would consider in a timber sale transaction. Plaintiffs objected to evidence that defendant incurred increased logging costs due to steepness of the ground, a water source, a house and a power line that had to be avoided, and the small size of the logs. The evidence was not considered in determining defendant's actual costs, but as factors bearing on the amount that a purchaser would be willing to pay for the standing timber. We find no error in receiving the evidence and in the court's calculation.

■ We also find no error in the court's conclusion that plaintiffs failed to prove their entitlement to additional damages for reforestation. Although the parties stipulated as to the reasonable cost of reforestation, they were also required to prove that it was necessary. Plaintiffs concede in their brief on cross-appeal that they offered no evidence on that subject. However, they cite OAR 629-24-502(1), which provides:

> "Whenever as a result of an operation the stocking is reduced below either 25%, based on estimated crown closure, or 80 square feet of basal area per acre, of trees 11" DBH and larger, the landowner shall establish at least 150 well distributed seedlings or saplings, or any combination thereof, per acre on the area."

That rule was not specifically called to the attention of the trial judge and, in any event, we cannot say on this record that it has application here.

■ Although there was evidence supporting the determination of the value of the remaining standing trees and the road, it was error to treat it as mitigating. Both values are relevant to the value of the property before and after logging and thus should have been deducted from the stumpage value before the amount was trebled. *See United States v. Firchau, supra,* 234 Or at 251. Because there was evidence supporting the trial court's determinations as to the various items of damages, we can determine the amount that should have been awarded, and so remand is unnecessary. *Frederick v. Haller,* 42 Or App 857, 601 P2d 896 (1979).

The court's calculation of the total stumpage value was $21,000. The value of unlogged trees is $5,200, and the value of the road is $500. The amount of the diminution in value of the land is therefore $15,300. The proper treble damages award is $45,900.

On appeal, judgment modified to award plaintiff $45,900 and affirmed as modified; affirmed on cross-appeal.