■ Usina Costa Pinto, S. A., Respondent, v Sanco Sav Company Limited et al., Defendants, and Chase Manhattan Bank et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered August 23, 1990, which granted plaintiff's motion to punish The Chase Manhattan Bank and Cornelius J. Lyons, Esq. for civil and criminal contempt for having willfully disobeyed a prior order of the court, dated October 23, 1989, and fined them $1,000 each for criminal contempt and $250 each plus the amount of plaintiff's costs and expenses, including attorneys' fees, for civil contempt, unanimously reversed, on the law and the facts and in the exercise of discretion, the finding of contempt is vacated and the matter remanded to the IAS court for an evidentiary hearing on the issue of the

alleged contemnors' willfulness in disobeying the prior order, without costs.

It is well established that contempt is a drastic remedy which should not be granted absent a clear right to such relief. Whether to be proven beyond a reasonable doubt as is apparently the case with criminal contempt or " 'with reasonable certainty' " in the case of civil contempt (*N. A. Dev. Co. v Jones,* 99 AD2d 238, 242), where, as here, there are factual disputes regarding the alleged contemnors' willfulness in disobeying the prior order, which cannot be resolved on the papers, a hearing must be held before a party or its attorney can be adjudicated in contempt. Concur—Sullivan, J. P., Rosenberger, Kupferman, Smith and Rubin, JJ.