■ EDWARD BABIARZ et al., Respondents, v JOSEPHINE GASPARINI, Appellant, et al., Defendant. [603 NYS2d 915] —White, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered November 20, 1990 in Ulster County, which denied defendant Josephine Gasparini's motion to vacate a stipulation between the parties, and (2) from an order of said court, entered August 20, 1991 in Ulster County, which denied said defendant's motion for reconsideration.

In 1979 plaintiffs, who are defendants' daughter and son-in-law,* commenced this action seeking to impose a constructive trust upon and possession of certain real property defendants owned in Ulster County. On August 30, 1983, the parties entered into an open-court stipulation settling this action which provided, *inter alia,* that plaintiff Edward Babiarz would have a seven-month period in which to exercise an option to purchase the property. He exercised the option in February 1984; however, defendants did not convey title. Plaintiffs took no steps to enforce their rights until June 1988 when they moved to compel specific performance of the stipulation. Supreme Court, in an order entered on March 6, 1990, granted the motion and directed that the closing take place no later than March 15, 1990. Defendant Josephine Gasparini (hereinafter defendant) sought leave to reargue or renew, to which plaintiffs responded by moving for an order holding her

---

* Defendant Emil Gasparini died on March 9, 1986.

in contempt. Supreme Court denied defendant's motion and found her in contempt.

Defendant then moved to vacate the stipulation on the grounds that the parties entered into a novation and that plaintiffs abandoned the stipulation by never submitting an order effectuating its terms. The denial of this motion by order entered November 20, 1990 is one of the subjects of this appeal.

Defendant's contention that the stipulation should be vacated because of a novation lacks merit as there is no proof that plaintiffs agreed to a new contract (see, Chipouras & Assocs. v 212 Realty Corp., 156 AD2d 549; Wasserstrom v Interstate Litho Corp., 114 AD2d 952). Her further argument that plaintiffs abandoned the stipulation is also unavailing because an open-court stipulation is a binding contract that does not depend upon an order for its efficacy (see, Barzin v Barzin, 158 AD2d 769, lv dismissed 77 NY2d 834). Thus, Supreme Court did not err in refusing to vacate the stipulation.

Defendant next contends that Supreme Court erred in its order entered August 20, 1991 denying defendant's motion for leave to reargue and renew based upon newly discovered evidence. We agree that Supreme Court properly denied defendant's motion in light of her failure to provide a justifiable excuse for not presenting the new facts, an affidavit by plaintiffs' son, before the court in the first instance (see, Kambour v Farrar, 188 AD2d 719).

Although defendant has not clearly included in her notice of appeal a second order entered November 20, 1990 which held her in contempt, we will consider this issue in the interest of justice (see, CPLR 5520 [c]). We find that the Supreme Court should not have held defendant in contempt without affording her a hearing because her papers raise an issue of fact regarding her willfulness in disobeying its order (see, Usina Costa Pinto v Sanco Sav. Co., 174 AD2d 487).

Yesawich Jr., J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the orders entered November 20, 1990 and August 20, 1991 are affirmed, without costs. Ordered that the second order entered November 20, 1990 is modified, on the law and the facts, without costs, by reversing so much thereof as held defendant Josephine Gasparini in contempt; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.