DIMITRY TVERSKOY et al., Appellants, v RAVI RAMASWAMI et al., Respondents. [920 NYS2d 803]—

Spain, J.P. Appeal from an order of the Supreme Court (O'Connor, J.), entered January 20, 2010 in Ulster County, which granted defendants' motion to, among other things, preclude plaintiffs from presenting certain expert testimony.

Plaintiffs commenced this action in 2005, alleging that defendants Ravi Ramaswami, Marie De La Parte and Saugerties Medical Realty, LLC (hereinafter collectively referred to as defendants) unlawfully removed trees from and caused damage to plaintiffs' property in the Town of Saugerties, Ulster County, and seeking treble damages pursuant to RPAPL 861. Thereafter, defendants brought a third-party action against Douglas A.

Robinson, doing business as D.A. Robinson, and David Myer, subcontractors allegedly responsible for any damage to plaintiffs' trees, and plaintiffs later amended their complaint to include these third-party defendants as defendants.

On the day scheduled for a jury trial, Supreme Court (Lynch, J.) granted plaintiffs' request for a continuance to permit them time to retain an additional expert. In return, plaintiffs stipulated that they would limit their damages to "the value of the trees as defined in [RPAPL 861]." Thereafter, plaintiffs disclosed two additional experts and the case was again scheduled for trial. Before the trial date, defendants moved to exclude or limit the testimony of the new experts, arguing, among other things, that their testimony—which is based, in part, on the cost of replacing the trees—went beyond the scope of the stipulated damages. In a bench ruling on the day of the new trial, Supreme Court (O'Connor, J.) granted defendants' motion. Plaintiffs now appeal the order excluding their new expert testimony.[1]

A party may stipulate to settle a claim or issue orally in open court (see CPLR 2104; *Adsit v Wal-Mart Stores, Inc.*, 79 AD3d 1168, 1169 [2010]). Stipulations are binding contracts (see *Babiarz v Gasparini*, 198 AD2d 608, 609 [1993]) that may be vacated only where they are a product of "fraud, collusion, mistake or accident" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; see *Adsit v Wal-Mart Stores, Inc.*, 79 AD3d at 1169), and they are "highly favored as they preserve judicial resources and, consequently, should not be set aside lightly" (*Matter of Graham*, 238 AD2d 682, 684-685 [1997]; see *Matter of Kanter*, 209 AD2d 365, 365 [1994]).

Here, Supreme Court (Lynch, J.) noted on the record that, in their stipulation, "plaintiff[s are] agreeing that the damage component of this case is keyed into the value of the trees and not restoration value of the land." Plaintiffs, through counsel, then agreed that their "proof . . . will be the value of the trees as defined in [RPAPL 861] . . . , not the cost of labor to restore the value or restoration value of the property."[2] Counsel for one of the defendants then made it clear that he understood that "stumpage value" was "the only measure of damage the plaintiff is seeking" and plaintiffs' counsel did not contest this understanding. The court then noted that it thought "what [defendants] are trying to distinguish is the stumpage value, the

---

1. Supreme Court granted plaintiffs' request for a continuance pending the outcome of this appeal.

2. Pursuant to RPAPL 861 (1), a party may seek damages for "the stumpage value of the tree or timber . . . and for any permanent and substantial damage caused to the land or the improvements thereon."

value of the tree, if you will, as compared to a distinct component of damage referring to the restoration of the land," to which plaintiffs' counsel responded, "That's correct. I am seeking fair market value . . . of the trees as defined in [RPAPL 861]." Plaintiffs now assert that, despite this seemingly clear language, they were simply agreeing to forgo any recovery for damage to the land, but were still pursuing damages related to the replacement value of the trees under RPAPL 861. However, while plaintiffs' counsel had ample opportunity to make it clear that plaintiffs were seeking more than merely the stumpage value of the relevant trees under RPAPL 861, Supreme Court (O'Connor, J.) properly concluded that they instead—as the record clearly reflects—stipulated to limit their recovery to the stumpage value of the removed or damaged trees (*see* RPAPL 861; *Babiarz v Gasparini*, 198 AD2d at 609; cf. *Vanderwerken v Bellinger*, 72 AD3d 1473, 1475-1476 [2010]; *Western N.Y. Land Conservancy, Inc. v Cullen*, 66 AD3d 1461, 1464 [2009], *appeal dismissed* 13 NY3d 904 [2009], *lv denied* 14 NY3d 705 [2010]).

We next reject plaintiffs' assertion that the stumpage value measure of damages set forth in RPAPL 861 (3) includes the replacement cost of a removed or damaged tree. Stumpage value is defined in the statute as "the current fair market value of a tree as it stands prior to the time of sale, cutting, or removal" (RPAPL 861 [3]). This value shall be determined by "the sale price of the tree in an arm's-length sale, a review of solicited bids, the stumpage price report prepared by the [D]epartment of [E]nvironmental [C]onservation, comparison with like sales on trees on state or private lands, or other appropriate means to assure that a fair market value is established within an acceptable range based on the appropriate geographic area" (RPAPL 861 [3]).

Here, plaintiffs sought to present testimony from their two additional experts who valued the relevant trees using the "trunk formula" method, which takes into account the replacement value and monetary value of trees considered too large to be replaced with nursery or field-grown stock. Plaintiffs assert that the trunk formula method of valuation constitutes another "appropriate means" for assessing stumpage value within the language—in the last sentence—of RPAPL 861 (3). However, in our view, this last listed method of determining stumpage value, which includes the term "other appropriate means" (RPAPL 861 [3]), is a catch-all clause and, under the rule of statutory construction known as ejusdem generis, such a catch-all provision following a list of specific items in a statute will generally be interpreted to include only items of the same type as those

listed (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 239 [b]). Each specific item—recent arms length sales, solicited bids, the Department of Environmental Conservation's listed prices, and comparable sales—focuses on determining the price at which the timber could be sold rather than the cost of replacing the trees themselves (*see* RPAPL 861 [3]). Moreover, the plain language of the statute, together with the context in which the term "stumpage value" is used in the decisions of the courts of this state and those of other jurisdictions, leads us to conclude that the term is limited in meaning to the value of the wood in a standing tree for its use as, among other things, wood chips, cord wood or lumber and does not include the replacement value of the tree (*see* RPAPL 861 [3]; Black's Law Dictionary 1464 [8th ed 2004]; *Cross v State of New York*, 36 AD2d 361, 363 [1971] [Herlihy, P.J., concurring]; *State v Nelson*, 994 A2d 808, 814, 2010 ME 40, ¶ 17 [2010]; *Gerdes v Bohemia, Inc.*, 88 Or App 62, 67, 744 P2d 275, 278 [1987]; *but cf. Marsella v Shaffer*, 324 Ill App 3d 134, 141-142, 754 NE2d 411, 417-418 [2001]).

Finally, we reject plaintiffs' contention that Supreme Court should have permitted their experts to testify on the theory that, by offering evidence of replacement value, they were amending their pleadings. Generally, pleadings may be amended liberally so long as there is no prejudice to the opposing parties (*see Ciarelli v Lynch*, 46 AD3d 1039, 1039-1040 [2007]), and the decision on whether to permit an amendment is left to the trial court's discretion (*see id.* at 1040). Here, plaintiffs' argument is unavailing for two reasons: first, this argument was not offered before Supreme Court and is therefore not preserved for this Court's review (*see Goodspeed v Adirondack Med. Ctr.*, 43 AD3d 597, 597-598 [2007]), and second, plaintiffs' proposed amendment seeks relief that they agreed to forgo in open court.

Accordingly, the order of Supreme Court should be affirmed and a trial date set at which plaintiffs will be limited to proof of stumpage value of the removed or damaged trees. If the parties cannot stipulate to the stumpage value of the relevant trees, plaintiffs may use expert testimony to establish the stumpage value, but not the replacement value.

Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.