■ In the Matter of Rocky Point Realty, LLC, Respondent, v Town of Brookhaven, Appellant. [7 NYS3d 139]—

In a claim to recover damages for the taking of real property pursuant to an eminent domain proceeding, the Town of Brookhaven appeals from a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered March 13, 2013, which, upon a decision of the same court dated February 5, 2013, made after a nonjury trial, awarded the claimant the principal sum of

$1,120,125, as just compensation for the taking of the claimant's real property.

Ordered that the judgment is affirmed, with costs.

The claimant, Rocky Point Realty, LLC, owned a parcel of real property on Route 25A in Rocky Point in the Town of Brookhaven. The property was approximately 37,500 square feet and improved with a vacant Burger King restaurant building. It was located in the J-2 Business district. In 2004, the claimant entered into a 15-year lease with a national auto parts retailer. Site plan approval for development of the parcel in accordance with the lease was granted in 2005. The Town thereafter commenced a condemnation proceeding to take the premises for public use. The petition was granted, and title vested on August 11, 2008 (*see Matter of Rocky Point Realty, LLC v Town of Brookhaven*, 36 AD3d 708 [2007]). The claimant then filed this claim to recover damages for the taking of its real property.

At the valuation trial, both parties' appraisers opined that the highest and best use of the property was for commercial development, and both used the market sales approach to appraise value. The claimant's appraiser focused on certain specific commercial uses, such as a national retail chain, bank, drugstore chain, and general retail or office use, and valued the premises at $1,387,500. The Town's appraiser valued it at $910,000. Both appraisers also analyzed the 2004 lease as a secondary method to confirm their primary valuations. The Supreme Court rejected the claimant's focus on high-end users, giving more weight to the comparable sales utilized by the Town's appraiser, but found that the Town's appraisal was under market. It determined that an award in the principal sum of $1,120,125 constituted just compensation for the taking, and entered judgment in that principal sum. The Town appeals.

The measure of damages in a condemnation case "must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time" (*Chemical Corp. v Town of E. Hampton*, 298 AD2d 419, 420 [2002]; *see Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513 [2009]). "In determining an award to an owner of condemned property, the findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court" (*Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]; *see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d

787, 790 [2013]; *Matter of Town of E. Hampton [Windmill II Affordable Hous. Project (9 Parcels)]*, 44 AD3d 963, 964 [2007]). "Where the trial court's explanation of its award is supported by the evidence, it is entitled to deference and will not be disturbed on appeal" (*Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d 804, 806 [2010]; *see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d at 791).

The Town contends that the Supreme Court rejected the claimant's appraisal as based on an inappropriate highest and best use, and thus, the court was bound to either accept the Town's appraisal or explain the basis for any departure from it (*cf. Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988 [2011]; *Matter of City of New York*, 94 AD2d 724 [1983], *affd* 61 NY2d 843 [1984]; *Stiriz v State of New York*, 26 AD2d 964 [1966]). Contrary to this contention, both parties' appraisers proffered a highest and best use valuation of commercial development, and the Supreme Court merely accorded more weight to the comparable sales analyzed by the Town's appraiser. Contrary to the Town's further contention, the award of a sum higher than the appraisal proffered by the Town's appraiser was not based on the court's own subjective belief, unsupported by evidence (*see Matter of City of New York [Oceanview Terrace]*, 42 NY2d 948, 949 [1977]). Rather, the award was within the range of expert testimony and adequately explained by the court (*see Matter of Town of E. Hampton [Windmill II Affordable Hous. Project (9 Parcels)]*, 44 AD3d at 964). The court was permitted to accord some weight to the subject lease in valuing the condemned property (*see Levin v State of New York*, 13 NY2d 87 [1963]; *Matter of Village of Port Chester [Bologna]*, 95 AD3d 895, 897 [2012]). Accordingly, the Supreme Court's determination will not be disturbed. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.