■ THOMAS TASSEFF et al., Appellants, v NUSSBAUMER & CLARKE, INC., Respondent. (Appeal No. 1.) [747 NYS2d 621] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered May 24, 2001, which, inter alia, denied plaintiffs' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of defendant's cross motion seeking dismissal of Tasseff Terrace Homes, Inc. as a plaintiff and as modified the order is affirmed without costs.

Memorandum: Plaintiff Thomas Tasseff entered into a contract with defendant pursuant to which defendant would perform engineering and surveying services in connection with a proposed subdivision of property owned by Tasseff. Tasseff thereafter conveyed the property to plaintiff Tasseff Terrace Homes, Inc. (Terrace Homes), of which Tasseff is the sole director, officer, and shareholder. Plaintiffs commenced this action asserting causes of action for, inter alia, negligence and malpractice. Plaintiffs moved for summary judgment on the amended complaint and defendant cross-moved for summary judgment dismissing the amended complaint. Supreme Court denied plaintiffs' motion and granted defendant's cross motion in part, dismissing the first, second, and third causes of action and "dismiss[ing]" Terrace Homes as a plaintiff.

Contrary to plaintiffs' contention, the court properly granted that part of defendant's cross motion seeking summary judgment dismissing the first cause of action for negligence and breach of contract. That cause of action is based on the same allegations as those in the fourth cause of action for malpractice and breach of contract and thus is duplicative of that cause of action (*see Leather v United States Trust Co. of N.Y.,* 279 AD2d 311, 312). Also contrary to plaintiffs' contention, the court properly granted that part of the cross motion seeking summary judgment dismissing the third cause of action for fraud because it seeks the same relief as that sought in the

fourth cause of action. "Where, as here, a fraud claim is asserted in connection with charges of professional malpractice, it is sustainable only to the extent that it is premised upon one or more affirmative, intentional misrepresentations * * * which have caused additional damages, separate and distinct from those generated by the alleged malpractice" (*White of Lake George v Bell,* 251 AD2d 777, 778, *lv dismissed* 92 NY2d 947; *see also Mecca v Shang,* 258 AD2d 569, 570, *lv dismissed* 95 NY2d 791). Plaintiffs on appeal do not address the propriety of the court's dismissal of the second cause of action.

Contrary to the further contention of plaintiffs, the court properly denied their motion because there is a triable issue of fact concerning their sole remaining cause of action, i.e., whether defendant committed malpractice. We agree with plaintiffs, however, that the court erred in dismissing Terrace Homes as a plaintiff. There is a triable issue of fact whether Terrace Homes is an intended beneficiary of the contract for engineering and surveying services between Tasseff and defendant. A beneficiary will be considered an intended beneficiary, rather than merely an incidental beneficiary, when " 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance' " (*Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44; *see Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655; *Cole v Metropolitan Life Ins. Co.,* 273 AD2d 832, 833). Here, Tasseff conveyed the property at issue to Terrace Homes, Terrace Homes made all payments on the contract, including the deposit payment, and "the performance by [defendant] was manifestly * * * to the direct benefit of [Terrace Homes,] the owner of the [property]" (*Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 455). We therefore modify the order by denying that part of defendant's cross motion seeking dismissal of Terrace Homes as a plaintiff. Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.