Same memorandum as in *Catanese v Furman* (27 AD3d 1050 [2006]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.

■ TERESA CATANESE et al., Appellants, v DONALD J. FURMAN, M.D., Respondent, et al., Defendants. (Appeal No. 2.) [811 NYS2d 260]—

Appeal from a judgment of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered December 14, 2004 in a medical malpractice action. The judgment, upon a jury verdict, dismissed the complaint against defendant Donald J. Furman, M.D.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside, the complaint against defendant Donald J. Furman, M.D. is reinstated and a new trial is granted against that defendant and the motion in limine is denied.

Memorandum: Plaintiffs commenced this medical malpractice action to recover damages for injuries sustained by Teresa Catanese (plaintiff) arising from an alleged misdiagnosis by Donald J. Furman, M.D. (defendant), a pathologist. According to plaintiffs, defendant was negligent in misdiagnosing plaintiff as suffering from a liposarcoma, a rare form of cancer, and in basing that intraoperative diagnosis on a "frozen section" tissue slide rather than deferring his diagnosis until he had prepared and analyzed more definitive "permanent section" tissue slides. Plaintiffs further alleged that, as a result of defendant's negligent misdiagnosis of the liposarcoma, plaintiff's surgeon removed a mass in plaintiff's pelvic area in its entirety along with certain surrounding tissue, which required him to sever the nerve root to plaintiff's right leg. This Court previously affirmed an order granting the motion of plaintiff's surgeon and his professional corporation for summary judgment dismissing the complaint and cross claims against them (*Catanese v Furman*, 9 AD3d 863 [2004]).

With respect to the present appeals, plaintiffs appeal from a judgment entered in favor of defendant based on a jury verdict finding that he was not negligent (appeal No. 2). That appeal also brings up for review the propriety of the order denying plaintiffs' posttrial motion to set aside the jury verdict in favor of defendant (appeal No. 1) and, therefore, the appeal from that order must be dismissed (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435 [1989]; *see also* CPLR 5501 [a] [1], [2]). Finally, plaintiffs appeal from a judgment dismissing the complaint against defendant Women's Christian Association Healthcare System (WCA) upon its motion for a directed verdict at the close of proof at trial (appeal No. 3).

We conclude with respect to appeal No. 2 that Supreme Court erred in granting defendant's motion in limine, which sought to preclude plaintiffs from introducing evidence that defendant prepared, examined, and misread additional tissue slides on the day following plaintiff's surgery. Although rulings concerning the relevancy of proposed evidence rest within the discretion of the trial court (*see generally Radosh v Shipstad*, 20 NY2d 504, 508 [1967], *rearg denied* 20 NY2d 969 [1967]), we conclude that the evidence precluded by the court was highly relevant with respect to the issue of defendant's knowledge and skill as a pathologist. Defendant and WCA, the owner of the hospital where the surgery was performed (collectively, defendants), relied on the need for an immediate diagnosis to excuse defendant's misreading of the frozen section tissue slides in making the intraoperative diagnosis. Defendant, however, made the same mistake when he misread permanent section slides on the day following plaintiff's surgery, when there was no need for an immediate diagnosis. Contrary to the court's determination, the evidence concerning defendant's misreading of the permanent section slides on the day following plaintiff's surgery is relevant because it tends to prove that defendant's misdiagnosis was not caused by the time constraints inherent in intraoperative diagnoses or by the limitations inherent in using frozen section slides. Rather, that evidence tends to prove that defendant's misdiagnosis with respect to plaintiff was caused by defendant's lack of knowledge and skill as a pathologist. We further conclude that the court erred in allowing defendants to exploit against plaintiffs the ruling on the motion in limine by allowing defendants to argue at trial that a review of slides by employees of Roswell Park Cancer Institute uncovered the error only because those employees were able to use multiple permanent section slides after the surgery. We thus conclude that the court erred in denying plaintiffs' posttrial motion to set aside the verdict and for a new trial based on the court's error in

granting defendant's motion in limine. Based on our resolution of this issue, we see no need to address plaintiffs' remaining contentions with respect to defendant.

With respect to appeal No. 3, we conclude that the court properly dismissed the complaint against WCA. Plaintiffs presented no evidence at trial that defendant was an employee of WCA, that plaintiff believed that defendant was an employee of WCA, or that WCA controlled defendant's activities (*cf. Noble v Porter*, 188 AD2d 1066, 1066-1067 [1992]). A physician who is a member of an independent professional group that provides services to hospital patients does not expose the hospital to vicarious liability (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Holzberg v Flower & Fifth Ave. Hosps.*, 39 AD2d 526 [1972], *affd* 32 NY2d 716 [1973]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.