■ Lynne Iser et al., Appellants, v Robert M. Kerrigan et al., Respondents. [830 NYS2d 343]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated August 15, 2005, which granted those branches of the motion of the defendant Robert M. Kerrigan pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against him, and (2) an order of the same court also dated August 15, 2005 which granted the separate motion of the defendant Laurence A. Spelman pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that the orders are affirmed, with one bill of costs.

In January 2005 the plaintiffs commenced this action to recover damages for legal malpractice, alleging that the defendants' negligence in the drafting of a will resulted in significant, avoidable estate taxes. The will was executed on June 25, 2001. The defendants separately moved to dismiss the complaint, inter alia, as time-barred, and the Supreme Court granted those branches of the motions pursuant to CPLR 3211 (a) (5) and (7) which were to dismiss the complaint.

An action to recover damages arising from an attorney's alleged malpractice must be commenced within three years from accrual (*see McCoy v Feinman*, 99 NY2d 295 [2002]; CPLR 214 [6]). A legal malpractice claim accrues " 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court' " (*McCoy v Feinman, supra* at 301, quoting *Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]). "In most cases, this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury. What is important is when the malpractice was committed, not when the client discovered it. Though we have recognized tolls on this three-year limitations period under the continuous representation doctrine, we have recognized no exception to measuring the accrual date from the date of injury caused by an attorney's malpractice. Thus, the key issue on this appeal is when plaintiff's actionable injury occurred." (*McCoy v Feinman, supra* at 301 [internal quotation marks and citations omitted]). Here, the actionable injury occurred no later than June 25, 2001 (*see e.g. McCoy v Feinman, supra*; *N&S Supply v Simmons*, 305 AD2d 648 [2003]; *Kuritzky v Sirlin & Sirlin*, 231 AD2d 607 [1996]). Thus, as the plaintiffs did not allege continuous representation by either defendant to extend the relevant limitations period, the Supreme Court properly granted those branches of the defendants' motions pursuant to CPLR 3211 (a) (5) which were to dismiss the complaint as time-barred.

The plaintiffs' remaining contentions are without merit or need not be reached in light of our determination. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.