■ LEWIS Z. WRIGHT, Appellant, v MEYERS & SPENCER, LLP, et al., Respondents. [849 NYS2d 274]—

In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered March 22, 2006, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The evidentiary facts, as pleaded in the complaint and amplified in the plaintiff's affidavit in opposition to the defendants' motion to dismiss, establish that any legal malpractice cause of action necessarily accrued prior to the filing of the plaintiff's bankruptcy petition (*see McCoy v Feinman,* 99 NY2d 295, 301 [2002]; *Iser v Kerrigan,* 37 AD3d 662, 663 [2007]). Therefore, upon commencement of the plaintiff's bankruptcy proceeding, the malpractice cause of action became "property of the estate" pursuant to the Bankruptcy Code (11 USC § 541 [a] [1], [7]; *In re Strada Design Assoc., Inc.,* 326 BR 229, 235-237 [2005]). Accordingly, this action may not be maintained by the plaintiff in his individual capacity, and the complaint should have been dismissed pursuant to CPLR 3211 (a) (3) for lack of legal capacity to sue (*see Williams v Stein,* 6 AD3d 197, 198 [2004]).

Contrary to the plaintiff's contention, the fact that the Supreme Court dismissed the complaint on other grounds and treated the capacity issue as "academic," does not preclude our review of the matter (*see e.g. Maguire v Beyer,* 31 AD3d 621, 622 [2006]; *Matter of Broda v Monahan,* 309 AD2d 959, 961 [2003]; *Re/Max Homes & Estates v Leist,* 308 AD2d 439, 440 [2003]) in the interest of judicial economy, since the issue was clearly raised by the defendants in their motion and was fully briefed by the parties.

The plaintiff's cause of action alleging breach of contract,

which was duplicative of the legal malpractice claim and arose from the same facts, was also properly dismissed (see *Shivers v Siegel*, 11 AD3d 447 [2004]).

In light of our determination, we do not reach the parties' remaining contentions. Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.