R. DELLA REALTY CORP. et al., Appellants, v BLOCK 6222 CONSTRUCTION CORP. et al., Respondents. [887 NYS2d 157]—

In an action to recover damages for breach of contract and conversion, the plaintiffs appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 18, 2008, which, in effect, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3).

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) is denied.

If, at the time of the commencement of a bankruptcy proceeding, the debtor either knew or should have known that he or she had a claim against a party, and failed to disclose that claim as an asset, he or she lacks capacity to sue on that claim since the claim became part of the estate in bankruptcy upon the commencement of the bankruptcy proceeding and the proceeds of any recovery on the claim could have been used to satisfy creditors' claims against the debtor (*see Whelan v Longo,* 7 NY3d 821, 822 [2006]; *Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d 191, 196-197 [1987]; *Quiros v Polow,* 135 AD2d 697, 699-700 [1987]).

Here, on their motion, inter alia, to dismiss the complaint based on lack of capacity to sue (*see* CPLR 3211 [a] [3]), the defendants established that, several years before the instant action was commenced, the plaintiff Richard Delli Paoli commenced a bankruptcy proceeding, and was granted a discharge in bankruptcy. However, the plaintiff R. Della Realty Corp. was not a petitioner in that, or any other, bankruptcy proceeding. Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by the plaintiff R. Della Realty Corp.

Furthermore, the defendants failed to establish that, prior to the granting of the discharge, Delli Paoli either knew or should have known that he had a claim against them. In addition, although the bankruptcy proceeding was reopened after the dis-

charge was granted, that proceeding was reopened only for the limited purpose of permitting Delli Paoli to litigate the issue of whether the discharge extinguished a particular debt, and not for the purpose of administering his assets "for the benefit of [his] unsecured creditors" (*Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d at 196). Under these circumstances, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by Delli Paoli. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.