Gary M. Dischiavi et al., Appellants, v William S. Calli et al., Respondents. (Appeal No. 1.) [890 NYS2d 881]—

Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.

Gary M. Dischiavi et. al., Appellants, v William S. Calli et al., Respondents. (Appeal No. 2.) [892 NYS2d 700]—

Memorandum: Plaintiffs commenced this action seeking damages for breach of contract, legal malpractice, fraud, breach of fiduciary duty and negligence. According to plaintiffs, defendants represented them with respect to personal injury and medical malpractice claims and failed to commence actions on their behalf in a timely manner. Plaintiffs further allege that defendants misrepresented the status of their claims. In appeal Nos. 2 through 5, plaintiffs appeal from judgments granting those parts of defendants' motions and cross motion seeking summary judgment dismissing the complaint on the ground that plaintiffs lack the legal capacity to sue with respect to all of the causes of action because they failed to disclose those causes of action as assets in their bankruptcy proceeding (*see generally Whelan v Longo*, 7 NY3d 821 [2006]; *Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191, 196-197 [1987]).

With respect to the judgments in appeal Nos. 2 through 5, we conclude that the court erred in granting those parts of the motions and cross motion seeking summary judgment dismissing the complaint on the ground that plaintiffs lacked legal capacity to sue. Defendants met their initial burdens in part by establishing that plaintiffs failed to include any of their causes of action against defendants in their schedule of assets for their bankruptcy proceeding, that the causes of action for breach of contract, legal malpractice, breach of fiduciary duty and negligence accrued prior to the commencement of the bankruptcy proceeding, and that plaintiffs obtained a discharge in bankruptcy (*see Wright v Meyers & Spencer, LLP*, 46 AD3d 805 [2007]; *Nationwide Assoc., Inc. v Epstein*, 24 AD3d 738 [2005]; *see also Whelan v Longo*, 23 AD3d 459 [2005], *affd* 7 NY3d 821 [2006]). Defendants failed, however, to demonstrate that plaintiffs "knew or should have known of" those causes of action against defendants prior to commencing the bankruptcy proceeding (*Dynamics Corp. of Am.*, 69 NY2d at 197; *see R.*

*Della Realty Corp. v Block 6222 Constr. Corp.*, 65 AD3d 1323 [2009]). Defendants also failed to establish that the fraud cause of action accrued prior to commencement of the bankruptcy proceeding (*cf. Wright*, 46 AD3d 805 [2007]).

In appeal Nos. 3 and 4, defendant Thomas S. Soja and defendants Andrew S. Kowalczyk, Joseph Stephen Deery, Jr. and Calli, Kowalczyk, Tolles, Deery and Soja (collectively, CKTDS defendants) respectively contend, as an alternative ground for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), that they are not liable for the conduct of defendant Robert Calli because they terminated their association with him prior to his acts and omissions in question. Those defendants, however, did not seek summary judgment dismissing the complaint against them on that ground, and we may not "search the record and grant summary judgment on an issue not raised" in Soja's motion or the CKTDS defendants' cross motion (*Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82 [2002]). The CKTDS defendants further contend in appeal No. 4, as a second alternative ground for affirmance, that the court should have granted their cross motion seeking summary judgment dismissing the breach of contract, fraud, breach of fiduciary duty and negligence causes of action against them on the ground that they are duplicative of the legal malpractice cause of action. We agree with the CKTDS defendants with respect to the causes of action against them for breach of contract (*see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005], *lv denied* 6 NY3d 701 [2005]), breach of fiduciary duty (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [2003]) and negligence (*see Turner v Irving Finkelstein & Meirowitz, LLP*, 61 AD3d 849 [2009]). We reject their contention with respect to the fraud cause of action, however, inasmuch as plaintiffs have alleged that the fraud " 'caused additional damages, separate and distinct from those generated by the alleged malpractice' " (*Tasseff v Nussbaumer & Clarke*, 298 AD2d 877, 878 [2002]). We therefore modify the judgment in appeal No. 4 by denying the cross motion of the CKTDS defendants in part and reinstating the causes of action for legal malpractice and fraud against them.

The CKTDS defendants further contend in appeal No. 4, as a third alternative ground for affirmance, that the court should have granted their cross motion seeking summary judgment dismissing the complaint on the ground that each of the causes of action is time-barred. Based on our determination that the breach of contract, breach of fiduciary duty and negligence

causes of action are duplicative of the legal malpractice cause of action, we address that contention only with respect to the two remaining causes of action against them, i.e., for legal malpractice and fraud. With respect to the legal malpractice cause of action, there is a triable issue of fact whether plaintiffs are entitled to the toll provided by the continuous representation doctrine (*see generally Glamm v Allen*, 57 NY2d 87, 94 [1982]). With respect to the fraud cause of action, there is a triable issue of fact whether plaintiffs could have, with reasonable diligence, discovered the alleged fraud more than two years prior to commencement of this action (*see* CPLR 203 [g]; CPLR 213 [8]).

Finally, we reject the further contention of the CKTDS defendants in appeal No. 4 that plaintiffs' allegations of fraud are insufficient to support the claim against them for punitive damages (*see generally Dobroshi v Bank of Am., N.A.*, 65 AD3d 882, 884 [2009]; *Smith v Ameriquest Mtge. Co.*, 60 AD3d 1037, 1040 [2009]).

We have considered the parties' remaining contentions and conclude that they are either moot in light of our determination or lacking in merit. Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.