# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**958**
**CA 13-00374**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

GARY M. DISCHIAVI AND LINDA DISCHIAVI,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

WILLIAM S. CALLI, JR., AS ADMINISTRATOR
CTA OF THE ESTATE OF WILLIAM S. CALLI,
ROBERT CALLI, HERBERT CULLY, CALLI, CALLI
AND CULLY, ANDREW S. KOWALCZYK, JOSEPH
STEPHEN DEERY, JR., THOMAS S. SOJA AND
CALLI, KOWALCZYK, TOLLES, DEERY AND SOJA,
DEFENDANTS-APPELLANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

KERNAN AND KERNAN, P.C., UTICA (LEIGHTON R. BURNS OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT WILLIAM S. CALLI, JR., AS ADMINISTRATOR
CTA OF THE ESTATE OF WILLIAM S. CALLI.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID R. DUFLO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS ANDREW S. KOWALCZYK,
JOSEPH STEPHEN DEERY, JR. AND CALLI, KOWALCZYK, TOLLES, DEERY AND
SOJA.

HISCOCK & BARCLAY, LLP, SYRACUSE (ROBERT A. BARRER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS HERBERT CULLY AND CALLI, CALLI AND
CULLY.

GETNICK LIVINGSTON ATKINSON & PRIORE, LLP, UTICA (MICHAEL E. GETNICK
OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT THOMAS S. SOJA.

GEORGE F. ANEY, HERKIMER, FOR DEFENDANT-APPELLANT-RESPONDENT ROBERT
CALLI.

LUIBRAND LAW FIRM, PLLC, LATHAM (KEVIN A. LUIBRAND OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeals and cross appeal from an order of the Supreme Court,
Oneida County (James P. McClusky, J.), entered May 21, 2012. The
order, inter alia, dismissed plaintiffs' legal malpractice causes of
action insofar as they are premised on the failure to commence a
personal injury action and dismissed plaintiffs' legal malpractice
causes of action against defendants Herbert Cully and Calli, Calli and
Cully insofar as they are premised on the failure of those defendants
to commence a medical malpractice action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motions of defendants-appellants-respondents with respect to the third cause of action in its entirety and those parts of the motions of all defendants-appellants-respondents except Robert Calli with respect to the claim for punitive damages against them, and as modified the order is affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for, inter alia, breach of contract, legal malpractice and fraud, alleging, among other things, that defendants failed to commence timely legal actions to recover damages arising from injuries sustained by Gary M. Dischiavi (plaintiff).  Plaintiffs allege in their complaint that plaintiff was injured as the result of an accident that occurred while he was on duty as a City of Utica police officer in 1991, and that he was further injured as a result of his ensuing medical treatment.  Although plaintiffs retained defendant law firm of Calli, Kowalczyk, Tolles, Deery and Soja (CKTDS) to represent them with respect to possible claims arising from those injuries, no action was ever instituted.  Plaintiffs further allege that defendants purported to have plaintiff examined by an expert physician but had a lawyer examine him instead, purported to have other expert physicians review plaintiff's medical records but had a veterinarian perform that review, misrepresented that they had commenced a personal injury action on plaintiffs' behalf, and created a fake settlement agreement for that "action."  This case was previously before us on appeal, and we determined, inter alia, that Supreme Court erred in granting the motions and cross motion of various defendants for summary judgment dismissing the complaint in its entirety against them (*Dischiavi v Calli* [appeal No. 2], 68 AD3d 1691, 1692-1694).

Upon remittal and the completion of discovery, various defendants again moved for summary judgment dismissing the complaint, cross claims and/or counterclaims against them.  The court dismissed the complaint insofar as asserted against certain defendants and, as relevant on appeal, the remaining defendants, i.e., defendants-appellants-respondents (hereafter, defendants), now appeal and plaintiffs cross-appeal from all or parts of an order that, inter alia, denied plaintiffs' cross motion for partial summary judgment and granted defendants' motions in part.  Specifically, the court granted those parts of the motions seeking summary judgment dismissing the first and second causes of action insofar as they are premised on defendants' failure to commence a personal injury action.  The court also granted that part of the motion of defendant law firm Calli, Calli and Cully and defendant Herbert Cully (collectively, CCC defendants) for summary judgment dismissing the first and second causes of action against them insofar as they are premised on their failure to commence a medical malpractice action, thereby resulting in the dismissal of those causes of action in their entirety against the CCC defendants.

Defendants Andrew S. Kowalczyk, Joseph Stephen Deery, Jr., and CKTDS (collectively, CKTDS defendants), along with defendant William S. Calli, Jr. (Calli, Jr.), as administrator CTA of the estate of

former defendant William S. Calli, Sr., contend that the court erred in denying their motions insofar as they concern the underlying medical malpractice claim.  Specifically, the CKTDS defendants and Calli, Jr., contend that the underlying medical malpractice claim lacks merit, and thus that plaintiffs could not recover damages based on the failure of those defendants to commence a timely action based on that claim.  We conclude, however, that the court properly denied the motions to that extent inasmuch as the CKTDS defendants and Calli, Jr. failed to meet their initial burden of establishing that plaintiffs' medical malpractice claim lacks merit (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Welch v State of New York*, 105 AD3d 1450, 1451).  In any event, plaintiffs raised a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In addition, the CKTDS defendants and defendant Thomas S. Soja contend that they may not be held liable under a theory of partnership by estoppel because CKTDS was dissolved prior to any alleged legal malpractice.  Even assuming, arguendo, that those defendants met their initial burden in that respect, we further conclude that the court properly determined that plaintiffs raised a triable issue of fact with respect to that issue (*see generally id.*).

To the extent that defendants sought summary judgment dismissing the first and second causes of action on the ground that the applicable three-year statute of limitations had expired prior to the commencement of this action (*see* CPLR 214 [6]; *see generally Zorn v Gilbert*, 8 NY3d 933, 933-934), we conclude that they met their initial burden on their respective motions.  We further conclude, however, that plaintiffs raised a triable issue of fact whether the doctrine of continuous representation tolled the statute of limitations (*see generally Shumsky v Eisenstein*, 96 NY2d 164, 167-168).  The court therefore properly determined that defendants were not entitled to the relief sought based on the statute of limitations.

We agree with all defendants that the court erred in denying those parts of their motions seeking summary judgment dismissing the third cause of action, for fraud, against them.  Thus, we modify the order accordingly.  "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[s] and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559; *see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421).  "Where, as here, a fraud [cause of action] is asserted in connection with charges of professional malpractice, it is sustainable only to the extent that it is premised upon one or more affirmative, intentional misrepresentations . . . which have caused additional damages, separate and distinct from those generated by the alleged malpractice" (*White of Lake George v Bell*, 251 AD2d 777, 778, *lv dismissed* 92 NY2d 947; *see Tasseff v Nussbaumer & Clarke,* 298 AD2d 877, 878; *see generally Wells Fargo Bank, N.A. v Zahran*, 100 AD3d 1549, 1550, *lv denied* 20 NY3d 861).  We agree with defendants that they met their initial burden on their motions by establishing that plaintiffs did

not sustain any additional damages as a result of the alleged fraud, and plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325). Contrary to plaintiffs' contention, this Court's prior order denying those parts of the respective defendants' initial motions and cross motions "pursuant to CPLR 3211 (a) (7) to dismiss the complaint, which w[ere] addressed to the sufficiency of the pleadings, did not establish the law of the case for the purpose of their subsequent motion[s] pursuant to CPLR 3212 for summary judgment, which [were] addressed to the sufficiency of the evidence" (*Thompson v Lamprecht Transp.*, 39 AD3d 846, 847).

We further conclude that the court erred in denying those parts of the motions seeking summary judgment dismissing plaintiffs' claim for punitive damages except insofar as that claim is asserted against defendant Robert Calli. Plaintiffs seek to hold all other defendants liable for punitive damages under a theory of vicarious liability. It is well settled that, in order for a partnership or its members "to be held vicariously liable for punitive damages arising from the conduct of its [partners], it must have 'authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit [partner]' such that it is complicit in that conduct" (*Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 42, quoting *Loughry v Lincoln First Bank*, 67 NY2d 369, 378; *see 1 Mott St., Inc. v Con Edison*, 33 AD3d 531, 532). Here, the defendants other than Robert Calli established that only Robert Calli may have engaged in conduct giving rise to punitive damages and that they did not engage in any acts that would render them complicit in such conduct. In response, plaintiffs failed to raise a triable issue of fact whether defendants, other than Robert Calli, engaged in conduct giving rise to punitive damages or " 'authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit [partner]' " (*Melfi*, 64 AD3d at 42). Consequently, the court erred in denying those parts of the motions seeking to dismiss the claim for punitive damages except insofar as asserted against Robert Calli. We therefore further modify the order accordingly.

On their cross appeal, plaintiffs contend that the court erred in dismissing the first and second causes of action insofar as they are premised upon defendants' failure to commence a personal injury action. The court granted defendants' motions for summary judgment dismissing those causes of action to that extent based on its determination that the statute of limitations therefor had expired before plaintiffs retained any of the defendants. Plaintiffs now contend that the statute of limitations for those causes of action was extended several times by amendments to General Municipal Law § 205-e (2), which resulted in the revival of plaintiffs' causes of action until a time after they first retained CKTDS. That contention is not properly before us because it is raised for the first time on appeal, and "[a]n issue may not be raised for the first time on appeal . . . where it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram v Capone*, 206 AD2d 839, 840, quoting *Telaro v Telaro*, 25 NY2d 433, 439, *rearg denied* 26 NY2d 751). The revival statute on which plaintiffs rely applies to causes

of action that "would have been actionable on or after January [1, 1987] had this section been effective" (§ 205-e [2]), and we conclude that defendants could have made a factual showing that plaintiffs' first and second causes of action insofar as they are premised upon defendants' failure to commence a personal injury action were not actionable because they were precluded by plaintiff's receipt of benefits pursuant to General Municipal Law § 207-c.

We have considered the further contentions of the parties and conclude that they are without merit.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court