# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1415**
**CA 14-00883**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

GARY M. DISCHIAVI AND LINDA DISCHIAVI,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

WILLIAM S. CALLI, JR., AS ADMINISTRATOR OF
THE ESTATE OF WILLIAM S. CALLI, DECEASED,
ROBERT CALLI, CALLI, CALLI AND CULLY, CALLI,
CALLI AND CULLY, LLP, CALLI AND CALLI, LP,
ANDREW S. KOWALCZYK, JOSEPH STEPHEN DEERY, JR.,
THOMAS S. SOJA, CALLI, KOWALCZYK, TOLLES,
DEERY AND SOJA, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

LUIBRAND LAW FIRM, PLLC, LATHAM (KEVIN A. LUIBRAND OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

KERNAN AND KERNAN, P.C., UTICA (LEIGHTON R. BURNS OF COUNSEL), FOR
DEFENDANT-RESPONDENT WILLIAM S. CALLI, JR., AS ADMINISTRATOR OF THE
ESTATE OF WILLIAM S. CALLI, DECEASED.

GEORGE F. ANEY, HERKIMER, FOR DEFENDANT-RESPONDENT ROBERT CALLI.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN FELTER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS ANDREW S. KOWALCZYK, JOSEPH
STEPHEN DEERY, JR. AND CALLI, KOWALCZYK, TOLLES, DEERY AND SOJA.

GETNICK LIVINGSTON ATKINSON & PRIORE, LLP, UTICA (MICHAEL E. GETNICK
OF COUNSEL), FOR DEFENDANT-RESPONDENT THOMAS S. SOJA.

---

Appeal from an order of the Supreme Court, Oneida County (James
P. McClusky, J.), dated March 3, 2014.  The order, insofar as appealed
from, granted the motions of defendants-respondents to preclude
plaintiffs from introducing certain evidence at trial.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and the motions are
denied.

Memorandum:  In this legal malpractice action, plaintiffs appeal
from that part of an order granting the motions of defendants-
respondents (hereafter, defendants) to preclude plaintiffs from
introducing certain evidence at trial.  We agree with plaintiffs that
Supreme Court erred in granting the motions, and we therefore reverse

the order insofar as appealed from.

This case has been before us on two prior occasions (*Dischiavi v Calli* [appeal No. 2], 68 AD3d 1691 [*Dischiavi I*]; *Dischiavi v Calli*, 111 AD3d 1258 [*Dischiavi II*]), both involving, inter alia, the motions of various defendants for summary judgment. In both appeals, at least some defendants sought summary judgment dismissing the legal malpractice cause of action based upon the expiration of the statute of limitations, and we rejected that contention in both prior appeals. Specifically, in *Dischiavi I*, we concluded that, "[w]ith respect to the legal malpractice cause of action, there is a triable issue of fact whether plaintiffs are entitled to the toll provided by the continuous representation doctrine" (68 AD3d at 1694). Again in *Dischiavi II*, we affirmed that part of the order on appeal that denied the various defendants' motions for summary judgment on the ground "that plaintiffs raised a triable issue of fact whether the doctrine of continuous representation tolled the statute of limitations" (111 AD3d at 1260-1261).

The matter progressed toward trial after this Court issued its decision in *Dischiavi II*. In the order on appeal, the court granted defendants' motions to preclude plaintiffs from introducing evidence that any of the defendants represented plaintiffs with respect to any issue other than an issue in the context of a medical malpractice action against a physician. The effect of that order was to limit plaintiffs to introducing evidence that, in 1994, one of the defendants made a statement to Gary M. Dischiavi (plaintiff) indicating that the medical malpractice action was not viable.

We note at the outset that, although the parties do not address the appealability of this order determining a motion in limine, we conclude that plaintiffs may appeal from the order at issue (*see Franklin Corp. v Prahler*, 91 AD3d 49, 54). "Generally, an order ruling [on a motion in limine], even when made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Innovative Transmission & Engine Co., LLC v Massaro*, 63 AD3d 1506, 1507 [internal quotation marks omitted]; *see Scalp & Blade v Advest, Inc.*, 309 AD2d 219, 224). This Court has noted, however, that "there is a distinction between an order that 'limits the admissibility of evidence,' which is not appealable . . . , and one that 'limits the legal theories of liability to be tried' or the scope of the issues at trial, which is appealable" (*Scalp & Blade*, 309 AD2d at 224). Here, the order precluded the introduction of the vast majority of the evidence on the issue whether defendants continued to represent plaintiffs so as to toll the statute of limitations, and thus it is appealable because it limits the scope of the issues at trial (*see generally O'Donnell v Ferguson*, 100 AD3d 1534, 1535-1536; *Catanese v Furman*, 27 AD3d 1050, 1051).

With respect to the substantive issue, we note that, after our determinations in *Dischiavi I* and *Dischiavi II* that there was a triable issue of fact whether the doctrine of continuous representation tolled the statute of limitations, the court granted

those parts of defendants' motions in limine seeking to preclude plaintiffs from offering evidence to establish that there had been such representation.  Although the court has broad discretion to determine the admissibility of evidence, we agree with plaintiffs that the court abused that discretion here.  Defendants are correct that, "in the context of a legal malpractice action, the continuous representation doctrine tolls the [s]tatute of [l]imitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (*Shumsky v Eisenstein*, 96 NY2d 164, 168).  The continuous representation doctrine is derived from the continuous treatment doctrine in medical malpractice cases (*see Mercone v Monroe County Deputy Sheriffs' Assn., Inc.*, 90 AD3d 1698, 1699; *Pollicino v Roemer & Featherstonhaugh*, 260 AD2d 52, 54), however, and as the Court of Appeals explained later in *Shumsky*, "[i]ncluded within the scope of continuous treatment is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*id.* at 170 [internal quotation marks omitted]).  Thus, the statute of limitations in a legal malpractice action is tolled where, as here, a "defendant continuously represented the plaintiffs during [the relevant] period by performing legal services related to the matter out of which the malpractice claim arose" (*Kuritzky v Sirlin & Sirlin*, 231 AD2d 607, 608).

Furthermore, in both prior appeals we concluded that there was a triable issue of fact whether the statute of limitations was tolled because, in opposition to the various defendants' motions for summary judgment, plaintiffs raised a triable issue of fact whether one or more of the defendants continued to represent plaintiffs on a related matter (*Dischiavi I*, 68 AD3d at 1694; *Dischiavi II*, 111 AD3d at 1260-1261).  We reached that conclusion because, in opposition to defendants' motions for summary judgment, plaintiffs "adduced persuasive evidence establishing that [defendants] performed continuing legal services [throughout the time during which the statute is alleged to have been tolled] to correct [their] alleged failure to effectively" commence an action to recover damages for plaintiff's injuries (*N&S Supply v Simmons*, 305 AD2d 648, 650).  Here, the evidence that defendants sought to preclude was highly relevant to the issue whether the actions in question involved "an attempt by the attorney to rectify an alleged act of malpractice" that would constitute continuing representation sufficient to toll the statute of limitations (*Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506-507; *see Weiss v Manfredi*, 83 NY2d 974, 977, *rearg denied* 84 NY2d 848; *DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812-813).

Consequently, we reverse the order insofar as appealed from and deny the motions.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court