# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**711**
**CA 14-01919**
PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JAMES R. DIEGELMAN AND
ANDREA M. DIEGELMAN, CLAIMANTS-RESPONDENTS,

                         V                          MEMORANDUM AND ORDER

CITY OF BUFFALO AND CITY OF BUFFALO BOARD OF
EDUCATION, RESPONDENTS-APPELLANTS.

---

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR CLAIMANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.H.O.), entered January 16, 2014. The order granted the application of claimants for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is denied.

Memorandum: On appeal from an order granting claimants' application seeking leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), respondents contend that Supreme Court abused its discretion in granting the application because the claim, which is premised upon an injury sustained during the employment of claimant James R. Diegelman as a police officer, is barred by General Municipal Law § 207-c and thus is patently without merit. We agree. Respondents are correct that the claim is barred by section 207-c (*see Damiani v City of Buffalo*, 198 AD2d 814, 814-815, *lv denied* 83 NY2d 757; *see also Dischiavi v Calli*, 111 AD3d 1258, 1262), and leave to file a late notice of claim "is not appropriate for a patently meritless claim" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                Clerk of the Court