# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

15

CA 15-01045

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

DEBORAH S. VOSS, PROP-CO, LLC, CLASSI PEOPLE, INC.,
DOING BUSINESS AS SERTINO'S CAFÉ, AND DREAM
PEOPLE, INC., DOING BUSINESS AS SHIVER MODEL,
PLAINTIFFS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

THE NETHERLANDS INSURANCE COMPANY, ET AL.,
DEFENDANTS,
AND CH INSURANCE BROKERAGE SERVICES, CO., INC.,
DEFENDANT-APPELLANT.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, ALBANY (THOMAS M. WITZ
OF COUNSEL), FOR DEFENDANT-APPELLANT.

DIRK J. OUDEMOOL, SYRACUSE, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered January 14, 2015. The order denied the motion of defendant CH Insurance Brokerage Services, Co., Inc., for leave to amend its answer and to preclude plaintiffs from seeking consequential damages.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking a determination that plaintiffs are precluded from seeking consequential damages for lost profits and as modified the order is affirmed without costs.

Memorandum: Defendant-appellant (defendant) appeals from an order denying its motion seeking, inter alia, a determination that plaintiffs are precluded from seeking and presenting evidence at trial of consequential damages on the ground that Supreme Court had previously dismissed that claim with respect to the other defendants and that order was affirmed by this Court (*Voss v Netherlands Ins. Co.* [appeal No. 1], 104 AD3d 1228). The court dismissed the claim for consequential damages with respect to the other defendants after the amended complaint had been dismissed against defendant in its entirety, and before it was reinstated by the Court of Appeals (*Voss v Netherlands Ins. Co.*, 96 AD3d 1543, *revd* 22 NY3d 728). In denying the instant motion, the court determined that defendant was required to seek such relief by way of a motion for summary judgment rather than a motion in limine, and thus the court did not address the merits of the motion.

We note at the outset that the court erred in requiring defendant to seek the same relief by way of a motion for summary judgment, and instead should have decided the merits of the motion before it. Although defendant titled that part of the motion as a motion in limine, it is the functional equivalent of a summary judgment motion (*see generally Scalp & Blade v Advest, Inc.*, 309 AD2d 219, 224), and an order deciding the merits of such a motion is appealable because it "limits the scope of the issues at trial" (*Dischiavi v Calli*, 125 AD3d 1435, 1436). Contrary to plaintiffs' contention, we conclude that defendant may appeal from the order because the court should have decided the merits of that part of the motion, which in turn "involves some part of the merits" of the controversy inasmuch as the identical claim has been dismissed with respect to the other defendants (*see* CPLR 5701 [a] [2] [iv]). On the merits, we conclude that the court erred in denying that part of the motion because the determination that the claim for consequential damages was too speculative constitutes the law of the case. We therefore modify the order by granting that part of the motion seeking a determination that plaintiffs are precluded from seeking consequential damages for lost profits. It is well settled that " '[o]ur prior decision in [a] case is the law of the case until modified or reversed by [the Court of Appeals], and the trial court is bound by our decision' " (*J.N.K. Mach. Corp. v TBW, Ltd.*, 98 AD3d 1259, 1260).

In light of our determination, we do not address defendant's remaining contention.

Entered:  February 5, 2016                     Frances E. Cafarell
                                               Clerk of the Court