Delphi Healthcare PLLC v Petrella Phillips LLP (2018 NY Slip Op 01012)





Delphi Healthcare PLLC v Petrella Phillips LLP


2018 NY Slip Op 01012


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1345 CA 16-02320

[*1]DELPHI HEALTHCARE PLLC, DELPHI HOSPITALIST SERVICES LLC, WORKFIT MEDICAL, LLC, WORKFIT STAFFING LLC, AND HEALTHCARE SUPPORT SERVICES, LLC, PLAINTIFFS-RESPONDENTS,
v
PETRELLA PHILLIPS LLP AND THOMAS A. PETRELLA, DEFENDANTS-APPELLANTS. 






LANDMAN CORSI BALLAINE & FORD P.C., NEW YORK CITY (WILLIAM G. BALLAINE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WEBSTER SZANYI LLP, BUFFALO (D. CHARLES ROBERTS, JR., OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 22, 2016. The order granted that part of defendants' motion to dismiss with respect to the cause of action for indemnification and contribution. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion with respect to the second and fourth causes of action and with respect to the remaining causes of action to the extent that they seek damages for attorneys' fees associated with the underlying class action lawsuit and dismissing the complaint to that extent and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action for, inter alia, accounting malpractice and breach of contract, alleging that they had hired defendants as their accountants, in part to ensure that plaintiffs were in compliance with the overtime compensation and wage notice requirements set forth in the Federal Fair Labor Standards Act (FLSA) and New York Labor Law. Plaintiffs allege that defendants failed to provide the aforementioned services, which resulted in a class action lawsuit being commenced against plaintiffs in federal court on behalf of plaintiffs' current and former employees. In the instant action, plaintiffs seek to recover damages for attorneys' fees incurred in the defense and settlement of the underlying class action, as well as damages for loss of business, business reputation, and contract payments. Defendants moved to dismiss the complaint pursuant to CPLR 3211, and defendants now appeal from an order that granted their motion only in part, dismissing the cause of action for indemnification and contribution.
Defendants contend that Supreme Court should have granted their motion in its entirety because the remaining causes of action and classes of damages constitute requests for indemnification, which are barred by the FLSA. It is well established that "there is no right of contribution or indemnity for employers found liable under the FLSA" (Herman v RSR Sec. Servs. Ltd., 172 F3d 132, 144 [2d Cir 1999]), and the FLSA preempts any conflicting provisions of state labor laws, including those of New York (see id.; see generally Matter of Carver v State of New York, 26 NY3d 272, 284 [2015]). A party may not avoid this bar on indemnity by seeking indemnification damages through other legal theories (see Lyle v Food Lion, Inc., 954 F2d 984, 987 [4th Cir 1992]; Flores v Mamma Lombardis of Holbrook, Inc., 942 F Supp 2d 274, 278 [ED NY 2013]; Gustafson v Bell Atl. Corp., 171 F Supp 2d 311, 328 [SD NY 2001]). In view of the foregoing, we agree with defendants that seeking attorneys' fees associated with that underlying class action is a request for indemnity (see generally Central Trust Co., Rochester v Goldman, 70 AD2d 767, 767-768 [4th Dept 1979], appeal dismissed 47 NY2d 1008 [1979]). We therefore modify the order by granting those parts of the motion seeking dismissal of the [*2]complaint to the extent that it seeks damages for attorneys' fees associated with the underlying class action. Contrary to defendants' contention, that determination does not require dismissal of the complaint in its entirety inasmuch as the remaining classes of damages sought by plaintiffs are not barred by the FLSA. Damages for loss of business, business reputation, and contract payments arise directly from the business relationship between plaintiffs and defendants, and awarding such damages does not indemnify plaintiffs for their liability under the FLSA in the underlying class action.
Defendants contend, in the alternative, that the second through fourth causes of action, for negligence, breach of contract and breach of fiduciary duty, should be dismissed as duplicative of the first cause of action, for accounting malpractice. We agree with defendants with respect to the negligence and breach of fiduciary duty causes of action, and we therefore further modify the order accordingly.
Causes of action for negligence, breach of contract and breach of fiduciary duty are duplicative of professional malpractice causes of action where they are based on the same factual allegations and seek similar damages (see Board of Trustees of IBEW Local 43 Elec. Contrs. Health & Welfare, Annuity & Pension Funds v D'Arcangelo & Co., LLP, 124 AD3d 1358, 1360 [4th Dept 2015]; Dischiavi v Calli [appeal No. 2], 68 AD3d 1691, 1693 [4th Dept 2009]; TVGA Eng'g, Surveying, P.C. v Gallick [appeal No. 2], 45 AD3d 1252, 1256 [4th Dept 2007]). Here, the negligence and breach of fiduciary duty causes of action are duplicative of the accounting malpractice cause of action inasmuch as they share the same set of underlying facts and seek the same damages as that cause of action. Moreover, the allegation in the breach of fiduciary duty cause of action that defendants concealed their errors and omissions from plaintiffs does not differentiate that cause of action from the accounting malpractice cause of action inasmuch as "there is no independent cause of action for concealing' malpractice" (Zarin v Reid & Priest, 184 AD2d 385, 387 [1st Dept 1992]).
Upon construing the complaint liberally, and affording plaintiffs the benefit of every possible favorable inference (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we reject defendants' contention that the breach of contract cause of action is duplicative of the accounting malpractice cause of action. The breach of contract cause of action is based on allegations that defendants breached their agreements with plaintiffs by failing to perform certain services, and that plaintiffs are entitled to recover all compensation paid to defendants for those unperformed services. That is separate and distinct from the allegations in the accounting malpractice cause of action, which seeks damages based on allegations that defendants did perform services pursuant to the contract but failed to comply with the accepted standards of care.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court