Matter of Rochester Genesee Regional Transp. Auth. v Stensrud (2019 NY Slip Op 04612)





Matter of Rochester Genesee Regional Transp. Auth. v Stensrud


2019 NY Slip Op 04612


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1345 CA 18-00647

[*1]IN THE MATTER OF ROCHESTER GENESEE REGIONAL TRANSPORTATION AUTHORITY, PETITIONER-RESPONDENT,
v
JOHN R. STENSRUD, MARIA B. STENSRUD, RESPONDENTS-APPELLANTS, ET AL., RESPONDENT. 






LACY KATZEN LLP, ROCHESTER (JOHN T. REFERMAT OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
BOND, SCHOENECK & KING, PLLC, SYRACUSE (KATHLEEN M. BENNETT OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.) entered December 15, 2016. The order, among other things, granted petitioner's motion to strike a portion of respondents-appellants' appraisal report and to preclude proposed expert testimony. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion insofar as it sought to strike that part of respondents-appellants' appraisal report with respect to "investment value" and insofar as it sought to preclude testimony of respondents-appellants' proposed expert that is consistent with the determination and proof of valuation in respondents-appellants' appraisal report, and as modified the order is affirmed without costs.
Memorandum: In this condemnation proceeding, respondents-appellants (respondents) appeal from an order that granted petitioner's motion in limine to strike that part of respondents' appraisal report with respect to "investment value" and to preclude respondents' proposed expert from testifying at trial and that denied respondents' cross motion in limine to strike petitioner's appraisal report. As an initial matter, we note that the order is appealable inasmuch as it limited "the scope of the issues at trial" by precluding the introduction of evidence regarding respondents' primary method of property valuation (Dischiavi v Calli, 125 AD3d 1435, 1436 [4th Dept 2015]).
We agree with respondents that Supreme Court erred in granting the motion insofar as it sought to strike that part of their appraisal report with respect to "investment value," and we therefore modify the order accordingly. "The measure of damages in condemnation is the fair market value of the condemned property in its highest and best use on the date of the taking" (Matter of City of New York [Franklin Record Ctr.], 59 NY2d 57, 61 [1983]). There is "no fixed method for determining [fair market] value" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992], rearg denied 81 NY2d 784 [1993]; see generally Matter of Consolidated Edison Co. of N.Y., Inc. v City of New York, 8 NY3d 591, 597 [2007]) and, absent evidence of a recent sale of the subject property, "the courts have traditionally valued property by one of three methods: comparable sales, capitalization of income or reproduction cost less depreciation" (Allied Corp., 80 NY2d at 356; see Matter of Oakwood Beach Bluebelt, Stage 1 [City of New York—Yeshivas Ch'San Sofer, Inc.], 164 AD3d 1453, 1456 [2d Dept 2018]). Where, as here, "the highest and best use is the one the property presently serves and that use is income-producing, then the capitalization of income is a proper method of valuation" (Matter of City of New York [Oceanview Terrace], 42 NY2d 948, 949 [1977]; see Matter of Town of Riverhead v Saffals Assoc., 145 AD2d 423, 423 [2d Dept 1988]; see generally Matter of Techniplex III v Town & Vil. of E. Rochester, 125 AD3d 1412, 1413-1415 [4th Dept 2015]). In [*2]our view, the stricken portion of respondents' appraisal report, although titled "investment valuation," applied an income capitalization approach using the standard income capitalization formula, i.e., value equals net income divided by a capitalization rate (see Matter of Hempstead Country Club v Board of Assessors, 112 AD3d 123, 136 [2d Dept 2013]), and applied factors that, according to respondents' appraiser, accurately reflect the property's value and would make the property more appealing to prospective purchasers. To the extent that petitioner contends that certain factors considered by respondents' appraiser in valuing the property do not accurately reflect market value, "[t]he fact that some aspects of the valuation methodology [of respondents' appraiser] may be subject to question goes to the weight to be accorded the appraisal[]," not its admissibility (Techniplex III, 125 AD3d at 1413).
Contrary to respondents' contention, the court properly granted the motion to the extent that it sought to preclude the testimony of respondents' expert regarding his own valuation of the property, which resulted in a proposed valuation higher than that set forth in respondents' appraisal report. At trial, respondents are "limited in their affirmative proof of value to matters set forth in their respective appraisal reports" (22 NYCRR 202.61 [e]; see Matter of Town of Guilderland [Pietrosanto], 267 AD2d 837, 837-838 [3d Dept 1999]). Thus, the court properly precluded respondents' expert from presenting testimony regarding valuation beyond that contained in respondents' appraisal report.
We agree with respondents, however, that the court erred in granting the motion insofar as it sought to preclude the testimony of their proposed expert that is consistent with the determination and proof of valuation in their appraisal report, and we therefore further modify the order accordingly. Respondents' expert disclosure reflects that their expert intends to testify that the income capitalization method should be used to determine the property value in this case, and to critique petitioner's use of an alternative valuation method. To the extent that respondents are able to qualify him as an expert at trial, their expert should be permitted to testify in support of the valuation methods employed by respondents' appraiser and to critique those methods used by petitioner.
Finally, contrary to respondents' further contention, the court properly denied respondents' cross motion to strike petitioner's appraisal report. As with respondents' appraisal report, the issue whether petitioner's appraisal report accurately reflects the value of respondents' property is an issue for trial (see Techniplex III, 125 AD3d at 1413).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court