■ 1 MOTT STREET, INC., et al., Respondents, v CON EDISON et al., Defendants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. [823 NYS2d 375]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered September 27, 2005, which, insofar as appealed from as limited by the briefs, denied the motion by defendant Consolidated Edison Company of New York, Inc. (Con Ed) for summary judgment striking plaintiffs' demand for punitive damages, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiffs, who formerly operated a restaurant, assert various causes of action against Con Ed based on the shutoff of the restaurant's gas supply. Plaintiffs allege that the shutoff resulted when a Con Ed field representative (Andrews) initiated an unwarranted termination of gas service when plaintiffs failed to engage the contracting firm Andrews recommended to correct an alleged code violation in the restaurant's gas piping. Plaintiffs allege that the contracting firm, which was owned by a personal friend of Andrews, gave an excessive estimate of the cost of the work. The sole appellate issue is whether, in the event plaintiffs prevail on any of their substantive causes of action against Con Ed, they will be entitled to have their claim for punitive damages considered by the trier of fact.

"[P]unitive damages can be imposed on an employer for the intentional wrongdoing of its employees only where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant, or the wrong was in pursuance of a recognized business system of the entity" (*Loughry v Lincoln First Bank*, 67 NY2d 369, 378 [1986] [citations omitted]). Stated otherwise, employer liability for punitive damages can result "only when a superior officer [of the employer] in the course of employment orders, participates in, or ratifies outrageous conduct" (*id.*), with the term "superior officer" being restricted to persons holding "a high level of general managerial authority in relation to the nature and operation of the employer's business" (*id.* at 380).

We conclude that, on this record, plaintiffs are not entitled to punitive damages as a matter of law. The uncontroverted evidence establishes that Andrews, a union member, was a nonmanagerial employee, and there is no evidence his alleged

wrongdoing, which was not undertaken for Con Ed's benefit, was ever authorized or ratified by any "superior officer" of Con Ed, or conformed to any established policy of the company. Indeed, it is undisputed that Con Ed ultimately sought to discipline Andrews for his actions regarding plaintiffs' account. In this regard, we note that Con Ed's legal defense in the administrative proceedings arising out of this matter cannot be deemed a ratification of Andrews's action. Even if there were evidence that Con Ed authorized or ratified Andrews's conduct, that conduct could not, as a matter of law, support an award of punitive damages, as the record contains no evidence that Andrews's conduct was part of a pattern of wrongdoing "aimed at the public generally" (*Walker v Sheldon*, 10 NY2d 401, 405 [1961]; *see also Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994] ["a private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally"]). Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.