**Bruce v Morton Williams Supermarkets, Inc.**

2024 NY Slip Op 32423(U)

July 15, 2024

Supreme Court, New York County

Docket Number: Index No. 153933/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. JUDY H. KIM** | **PART** | **04** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

ARNOLD BRUCE,

                     Plaintiff,

              - v -

MORTON WILLIAMS SUPERMARKETS, INC., JOHN DOE,

                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153933/2022 |
| **MOTION DATE** | 06/06/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to                              DISMISS            .

      Upon the foregoing documents, the motion by defendant Morton Williams Supermarkets, Inc. ("Morton Williams") pursuant to CPLR 3211(a)(1) and (a)(7), to dismiss this action is granted to the limited extent that plaintiff's demand for punitive damages is dismissed as against Morton Williams, and otherwise denied.

      Plaintiff alleges that the Morton Williams operated a supermarket at 311 East 23rd Street, New York, New York (the "Premises") on October 9, 2021 and that that plaintiff was lawfully at the supermarket on that date when the John Doe defendant, a security officer employed by Morton Williams, "accosted plaintiff, physically assaulted the [p]laintiff, illegally and forcibly handcuffed him, confined and locked plaintiff in a holding cell for several hours until his release" without cause (NYSCEF Doc. No. 1 [Complaint at ¶¶10, 14-15]). Plaintiff asserts claims for, inter alia, assault, negligence, false arrest, and false imprisonment (Id. at ¶¶10, 19-20).

      Defendant now moves to dismiss this action, submitting the lease for the Premises between non-parties East Midtown Plaza Housing Company, Inc., and Brown & White Markets, Inc. d/b/a

Morton Williams Supermarket ("Brown & White") dated July 1, 1997 along with subsequent extensions and modifications (collectively, the "Lease") (NYSCEF Doc. Nos. 7-12), and an affidavit of Steven Sloan, Vice President of Brown & White, stating that Morton Williams has never been involved with the day-to day operations of the supermarket at that location, or any supermarket (NYSCEF Doc. No. 13 [Sloan Aff. at ¶¶5, 7, 11, 18]).

Plaintiff opposes the motion, arguing that "[t]he fact that defense counsel is asking the Court to accept an affidavit from a vice president from Brown & White to describe particular attributes and operation of defendant Morton Williams is an affirmative representation to the Court that both companies are at the very least, inter-related, if not more" and that discovery is therefore necessary to determine whether Brown & White and Morton Williams are "so inter-related that they should be deemed the same company and/or united in interest in this instance" (NYSCEF Doc. No. 18 [Rooney Affirm. in Opp. at ¶¶12, 14).

## DISCUSSION

Pursuant to CPLR 3211(a)(1), "[d]ismissal is warranted only if the documentary evidence submitted utterly refutes plaintiff's factual allegations and conclusively establishes a defense to the asserted claims as a matter of law" (Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc, Inc., 120 AD3d 431, 433 [1st Dept 2014] [internal citations and quotations omitted]). "To be considered documentary" such evidence "must be unambiguous and of undisputed authenticity" (Toribio v 575 Broadway LLC, 61 Misc 3d 1224(A) [Sup Ct, NY County 2018] [internal citations and quotations omitted]). Significantly, "[j]udicial records, mortgages, deeds and contracts constitute documentary evidence, but affidavits and deposition testimony are not considered documentary evidence" (Id. [internal citations omitted]).

**153933/2022  BRUCE, ARNOLD vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL**          **Page 2 of 5**
**Motion No.  001**

2 of 5

In this case, while the Lease is documentary evidence it establishes only that defendant was not the lessee of premises during the relevant period but does not refute plaintiff's allegation that defendant was operating the grocery store in question. To the extent Sloan asserts that Morton Williams has never operated grocery stores, his affidavit is "not documentary evidence within the intendment of a CPLR 3211(a)(1) motion to dismiss" and cannot be credited (Fontanetta v Doe, 73 AD3d 78, 86 [2d Dept 2010] [internal quotations omitted]). Since, without Sloan's affidavit it "cannot be concluded that [d]efendants are not properly named as parties in the instant complaint," the motion to dismiss the complaint must be denied[1] (See Peczek v 2 World Trade Ctr. LLC, 2014 NY Slip Op 31202[U] [Sup Ct, NY County 2014] citing Flowers v 73rd Townhouse LLC, 99 AD3d 431 [1st Dept 2012]).

That branch of Morton Williams' motion which seeks to strike plaintiff's demand for punitive damages against it is granted, however. An employer will be held vicariously liable for the intentional wrongdoing of its employees, such that punitive damages are warranted,

> only where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant, or the wrong was in pursuance of a recognized business system of the entity. Stated otherwise, employer liability for punitive damages can result only when a superior officer [of the employer] in the course of employment orders, participates in, or ratifies outrageous conduct with the term "superior officer" being restricted to persons holding a high level of general managerial authority in relation to the nature and operation of the employer's business

(1 Mott St., Inc. v Con Edison, 33 AD3d 531, 532 [1st Dept 2006] [internal citations and quotations omitted]). It is undisputed that plaintiff's complaint does not include facts satisfying these requirements. Indeed, plaintiff concedes that he does not, at this juncture, have information supporting such allegations. Accordingly, plaintiff's demand for punitive damages as against

---

[1] After discovery, these submissions would, if undisputed, establish Morton Williams' entitlement to summary judgment (See Charest v K Mart of N.Y. Holdings, Inc., 71 AD3d 471 [1st Dept 2010]).

**153933/2022   BRUCE, ARNOLD vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL**          Page 3 of 5
**Motion No.  001**

[* 3]                                                    3 of 5

Morton Williams is stricken, without prejudice to plaintiff moving for leave to amend his complaint to include an ad damnum demand for punitive damages against Morton Williams, if evidence to support such a demand is produced during discovery.

Accordingly, it is

**ORDERED** that defendant's motion to dismiss is granted to the limited extent that plaintiff's demand for punitive damages as against Morton Williams is stricken, and is otherwise denied; and it is further

**ORDERED** that plaintiff shall, within ten days from the date of this decision and order, serve a copy of this decision and order with notice of entry upon defendant and the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at www.nycourts.gov/supctmanh); and it is further

**153933/2022   BRUCE, ARNOLD vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL**        **Page 4 of 5**
**Motion No.  001**

4 of 5

**ORDERED** that the parties are to appear for a preliminary conference on September 13, 2024 in Part 4 (80 Centre Street, room 308) at 10:00 am.

This constitutes the decision and order of the Court.

| | |
|---|---|
| **7/15/2024** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153933/2022   BRUCE, ARNOLD vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL**
**Motion No.  001**